# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 7, 2021

* * * * * * * * * * * * * * * * * * * * * * * *

RUTH B. THOMPSON, *as Personal*     *     No. 20-003V  
*Representative of the* ESTATE OF     *  
RICHARD D. THOMPSON,     *  
    *  
           Petitioner,     *     Special Master Sanders  
v.     *  
    *     Stipulation for Award; Influenza  
SECRETARY OF HEALTH     *     ("Flu") Vaccine; Chronic Inflammatory  
AND HUMAN SERVICES,     *     Demyelinating Polyneuropathy  
    *     ("CIDP")  
           Respondent.     *

* * * * * * * * * * * * * * * * * * * * * * * *

Leah V. Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.  
James V. Lopez, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On January 2, 2020, Ruth B. Thompson ("Petitioner") filed a petition for compensation on behalf of her deceased husband, Richard D. Thompson, pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012); Pet. at 1, ECF No. 1. Petitioner alleged that the influenza ("flu") vaccine Mr. Thompson received on January 5, 2017, caused him to suffer from chronic inflammatory demyelinating polyneuropathy ("CIDP"). *Id.*; *see also* Stip. at 1, ECF No. 28. Petitioner further alleged that Mr. Thompson experienced the residual effects of his injury for more than six months. Pet. at 2.

On October 5, 2021, the parties filed a stipulation in which they state that a decision should be entered awarding compensation to Petitioner. Stip. at 2. Respondent notes that "Mr. Thompson passed away on February 2, 2019. Petitioner does not allege that Mr. Thompson's death was the sequela of his alleged vaccine-related injury." *Id.* at 1. Respondent "denies that the flu vaccine caused Mr. Thompson's alleged CIDP, any other injury, or his death." *Id.* at 2. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. I find the stipulation

---

[1] This Decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). **This means the Decision will be available to anyone with access to the Internet.** As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

reasonable and adopt it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive the following compensation:

> **A lump sum of $90,000.00 in the form of a check payable to [P]etitioner as personal representative of the estate of Richard D. Thompson. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a)[.]**

*Id.*

I approve the requested amount for Petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| RUTH B. THOMPSON, *as Personal Representative of the* ESTATE OF RICHARD D. THOMPSON, | ) ) ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) ) | No. 20-3V Special Master Sanders ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) | |
| Respondent. | ) ) ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1.     Ruth B. Thompson ("petitioner"), as personal representative of the estate of Richard D. Thompson ("Mr. Thompson"), deceased, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Mr. Thompson's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2.     Mr. Thompson received the flu vaccine on January 5, 2017.

3.     The vaccine was administered within the United States.

4.     Petitioner alleges that as a result of receiving the flu vaccine, Mr. Thompson suffered Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP"). Mr. Thompson passed away on February 2, 2019. Petitioner does not allege that Mr. Thompson's death was the sequela of his alleged vaccine-related injury.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Mr. Thompson as a result of his alleged condition or his death.

6. Respondent denies that the flu vaccine caused Mr. Thompson's alleged CIDP, any other injury, or his death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

A lump sum of $90,000.00 in the form of a check payable to petitioner as personal representative of the estate of Richard D. Thompson. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or

State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as personal representative of the estate of Richard D. Thompson under the laws of the state of Alabama. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as personal representative of the estate of Richard D. Thompson. If petitioner is not authorized by a court of competent jurisdiction to serve as personal representative of the estate of Richard D. Thompson at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as personal representative of the estate of Richard D. Thompson upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in her individual capacity, and as the personal representative of the estate of Richard D. Thompson, on her own behalf, and on behalf of the estate and Mr. Thompson's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal

Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mr. Thompson resulting from, or alleged to have resulted from, the flu vaccine administered on January 5, 2017, as alleged in a Petition filed on January 2, 2020, in the United States Court of Federal Claims as petition No. 20-3V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Mr. Thompson's alleged CIDP, any other injury, or his death.

17. All rights and obligations of petitioner in her capacity as personal representative of the estate of Richard D. Thompson shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

Respectfully submitted,

**PETITIONER:**

RUTH B. THOMPSON, *as personal*
*Representative of the* ESTATE
OF RICHARD D. THOMPSON

**ATTORNEY OF RECORD FOR**
**PETITIONER:**

LEAH V. DURANT, ESQ
LAW OFFICES OF LEAH V. DURANT, PLLC
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: 202-775-9200
Fax: 202-652-1178
ldurant@durantllc.com

**AUTHORIZED REPRSENTATIVE**
**OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE**
**OF THE SECRETARY OF HEALTH**
**AND HUMAN SERVICES:**

*Dale Mishler, DHSc, APRN, for*
TAMARA OVERBY
Acting Director, Division of Injury
 Compensation Programs
Healthcare Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

Dated: 10/05/2021

**ATTORNEY OF RECORD FOR**
**RESPONDENT:**

James V Lopez
by Heather L Pearl
JAMES V. LOPEZ
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-3655
james.lopez@usdoj.gov